# Exhibit A

# SABATINI FREEMAN, LLC

CARLO SABATINI*
KRISTIN SABATINI
BRETT FREEMAN

RECD - DRAFFER

SEP 2 4 2018

216 N. Blakely St.
Dunmore, PA 18512
Phone: (570) 341-9000
Fax: (570) 504-2769
**Satellite Office:** Wilkes-Barre 823-9000

September 20, 2018

Synchrony Bank
170 W. Election Road, Suite 125
Draper, UT 84020

Allied Interstate, LLC
200 Central Avenue, 7th Floor
St. Petersburg, FL 33701

Via Certified Mail Return Receipt Requested

RE:     Melissa Moore v. Synchrony Bank & Allied Interstate, LLC
        Luzerne County Court of Common Pleas
        Docket No.: 2018-cv-10751

Dear Sir or Madam,

        Enclosed please find the complaint in the above-referenced matter. Thank you for your anticipated cooperation.

Sincerely yours,

Brett M. Freeman

BF/smd

* Board Certified - Consumer Bankruptcy Law - American Board of Certification

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Luzerne _____ County

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: 201810751 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Melissa Moore | Lead Defendant's Name: Synchrony Bank, et al |
|---|---|

Are money damages requested? [x] Yes [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

Is this a *Class Action Suit?* [ ] Yes [x] No

Is this an *MDJ Appeal?* [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: Brett Freeman

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [x] Other: Telephone Consumer Protection Act

*Updated 1/1/2011*

Melissa Moore
53 Beech Street
Wilkes-Barre, PA 18702,

    Plaintiff

  v.

Synchrony Bank
170 W. Election Road, Suite 125
Draper, UT 84020,

Allied Interstate, LLC
200 Central Avenue, 7th Floor
St. Petersburg, FL 33701

    Defendants

IN THE LUZERNE COUNTY
COURT OF COMMON PLEAS

Civil Action

No.   201810751

Jury Trial Demanded

## NOTICE

 YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE

PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO
TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA
OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE
PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS
REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

| | |
|---|---|
| North Penn Legal Services, Inc. | Servicios Legales de North Penn, Inc. |
| 33 N. Main Street, | 33 la Calle Main del Norte, Oficina 200 |
| Suite 200 | Pittston, PA 18640 |
| Pittston, PA 18640 | (570) 299-4100 |
| (570) 299-4100 | (877) 953-4250 Llamada gratuita |
| (877) 953-4250 Toll free | (570) 824-0001 Fax |
| (570) 824-0001 Fax | |
| | |
| 101 West Broad Street, | 101 la Calle Broad del Oeste, |
| Suite 513 | Oficina 513 |
| Hazelton, PA 18201 | Hazelton, PA 18201 |
| (570) 455-9512 | (570) 455-9512 |
| (877) 953-4250 Toll Free | (877) 953-4250 Llamada gratuita |
| (570) 455-3625 Fax | (570) 455-3625 Fax |

2

| Melissa Moore,<br><br>  Plaintiff<br><br> v.<br><br>Synchrony Bank, and<br>Allied Interstate, LLC<br>  Defendants | IN THE LUZERNE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.  201810751<br><br>Jury Trial Demanded |

## **COMPLAINT**

### I.  INTRODUCTION

1.  This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Defendants made multiple calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the TCPA.

### II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court for the TCPA claim arises under 47 U.S.C. § 227(b)(3), which permits an action for a violation of the Act to be brought in an appropriate state court.

3.  This Court has federal question jurisdiction over the FDCPA claim pursuant to 15 U.S.C. § 1692k(d), which permits an action under the FDCPA to be brought in any court of competent jurisdiction.

4.  Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendants transact business here.

### III.  PARTIES

5.  Plaintiff is a natural person residing at 53 Beech Street, Wilkes-Barre, PA 18702.

6.      Defendant Synchrony Bank ("Synchrony") is a bank with a place of business located at 170 W. Election Road, Suite 125, Draper, UT 84020. At all relevant times, Synchrony placed calls to individuals in this state.

7.      Defendant Allied Interstate, LLC ("Allied") is a limited liability corporation with a place of business located at 200 Central Avenue, 7th Floor, Street, Petersburg, FL 33701. At all relevant times, Allied placed calls to individuals in this state.

IV.      STATEMENT OF CLAIM

8.      Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39) and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

9.      Synchrony is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

10.     Allied is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39) and a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11.     Plaintiff has a cellular telephone number that she has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

12.     At all relevant times this phone number has been assigned to a cellular telephone service.

*Count 1- Violation of the TCPA*

13.     The foregoing paragraphs are incorporated herein by reference.

14.     Congress enacted the Act to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and

2

decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

15.     Defendants caused to be made an unknown number of calls to Plaintiff's cell phone number.

16.     Synchrony placed, or caused to be placed, hundreds of calls to Plaintiff's cell phone number.

17.     Allied placed, or caused to be placed, hundreds of calls to Plaintiff's cell phone number.

18.     At all times, Allied was acting as an agent for Synchrony.

19.     Synchrony is vicariously liable for every call that Allied placed to Plaintiff on Synchrony's behalf.

20.     Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

21.     Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and Plaintiff's cellular telephone line.

22.     Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

23.     The calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

24.     These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

3

25. These telephone calls were not made with the Plaintiff's prior express consent. Plaintiff does not believe that she ever consented to receiving these telephone calls.

26. These telephone calls were placed while Plaintiff was in the United States.

27. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendants caused to be made to Plaintiff's cellular telephone number.

28. Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

29. For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendants for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

### Count 2 – Violation of the FDCPA against Allied Interstate, LLC

30. The foregoing paragraphs are incorporated herein by reference.

31. When Allied called Plaintiff's cell phone, it was attempting to collect an alleged debt.

32. This debt was incurred for personal, family, or household purposes and is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

33. During a 117 day-period, Allied placed at least 470 telephone calls to Plaintiff's cell phone—which amounts to over 4 calls per day.

4

34.    The frequency in which Allied contacted Plaintiff is indicative of an intent to annoy, abuse, or harass.

35.    Allied violated the FDCPA, 15 U.S.C. § 1692d(5), by causing Plaintiff's phone to ring repeatedly with the intent to annoy, abuse, or harass the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Allied for damages, costs, attorney's fees, and such other and further relief as the court deems just and proper.

V.    DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Brett Freeman
Bar Number: PA 308834
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

## CERTIFICATION OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Brett Freeman

5

### Verification of Complaint and Certification
### by Plaintiff Melissa Moore

Plaintiff, Melissa Moore, being duly sworn according to law, deposes as follows:

1.    I am the plaintiff in this civil proceeding.

2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendants, cause unnecessary delay to the Defendants, or create a needless increase in the cost of litigation to the Defendants, named in the Complaint.

5.    I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2018.        _Melissa Moore_

                                        Melissa Moore, Plaintiff



CERTIF
FOR USE ONLY
Label 3800-N, January 201

REC'D - DRAPER
SEP 24 2018

REC'D - DRAPER
SEP 24 2018

REC'D - DRAPER
SEP 24 2018



US POSTAGE
$7.41
SEP 20 2018     Mailed from ZIP 18512
2 oz First-Class Mail Flats Rate
endicia.com          071V00562110

R010

**USPS FIRST-CLASS**

SABATINI FREEMAN, LLC
216 N BLAKELY ST
SCRANTON, PA 18512-1904

SHIP
TO:
Synchrony Bank
170 W Election Rd Ste 125
Draper, UT 84020-6425

USPS CERTIFIED MAIL

9414 7102 0088 1844 9059 15